UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARLENE PETITT,

        Plaintiff,

    v.

DAVID B. ALTMAN,

        Defendant.

Cause No. C21-1366RSL

ORDER GRANTING
DEFENDANT'S MOTION
TO STAY DISCOVERY

    This matter comes before the Court on "Defendant's Motion to Stay Discovery and Initial Case Management Deadlines." Dkt. # 17. Having reviewed the submissions of the parties, as well as the underlying motion to dismiss, the Court finds as follows:

    The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. The Court nevertheless has discretion to stay discovery if defendant shows that it is entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th

Cir. 2017) ("District court[] orders controlling discovery are reviewed for an abuse of discretion.").

The pending motion to dismiss raises both procedural and substantive challenges to all of plaintiff's claims. A brief review of the moving papers shows that there is "a real question whether" plaintiff has adequately pled her claims, whether the claims are timely, and whether defendant is properly before this Court. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981). Such a showing is only half of the analysis, however. To determine whether the expense and burden of discovery is "undue" and therefore justifies a protective order, the Court must also consider whether plaintiff has shown that she will be prejudiced if a stay is ordered. *Id.* In this regard, plaintiff argues only that her leave schedule coincides with the current initial disclosure deadlines and she would like to move forward with the initial disclosures while she is not flying. She may, of course, make her initial disclosures ahead of the Court-ordered deadline if that is most convenient for her. The issue, however, is whether defendant will be compelled to make reciprocal disclosures before the motion to dismiss is decided. The motion is fully briefed, and plaintiff has not shown a need for discovery from defendant at this point in the litigation. Given the apparent merit of defendant's arguments and the lack of any prejudice to plaintiff, a stay of discovery is justified.

For all of the foregoing reasons, defendant's request for a stay of discovery is GRANTED. Discovery, including the exchange of initial disclosures, is hereby STAYED until

ORDER GRANTING DEFENDANT'S
MOTION TO STAY DISCOVERY  - 2

the Court resolves the pending motion to dismiss.[1] The Court will consider plaintiff's request for leave to amend in the context of the motion to dismiss.

Dated this 7th day of March, 2022.

*MRS Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff may, however, make her initial disclosures whenever it is most convenient for her.

ORDER GRANTING DEFENDANT'S
MOTION TO STAY DISCOVERY - 3