UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARLENE PETITT,

Plaintiff,

v.

DAVID B. ALTMAN,

Defendant.

Cause No. C21-1366RSL

ORDER OF DISMISSAL

This matter comes before the Court on defendant's "Motion to Dismiss." Dkt. # 11. Plaintiff alleges that defendant engaged in fraud and deceit by accepting payment to perform a mental health examination with the intent of generating a false and disqualifying diagnosis that helped Delta Airlines suppress plaintiff's complaints regarding violations of federal aviation standards. Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and having taken judicial notice of the filings in the Northern District of Illinois (Dkt. # 12-1 and # 12-2), the Court finds as follows:

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.

[1] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls*., 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The allegations of plaintiff's complaint and the records of which the Court takes judicial notice establish, as a matter of law, that plaintiff's claims are barred by the three-year statute of limitations that governs claims of fraud. Defendant evaluated plaintiff over the course of months

in 2016, and plaintiff received a copy of his report on December 24, 2016. Plaintiff alleges that she was grounded and lost a business opportunity as a result of defendant's fraudulent, disqualifying diagnosis. Plaintiff alleges that defendant's evaluation utilized various "hostile interrogation strategies" (Dkt. # 1 at ¶ 16) and was based on improper inputs. She disagreed with defendant's conclusions, seeking a second evaluation as permitted under the collective bargaining agreement. Between January and July 2017, defendant allegedly stalled the second evaluation. In April 2017, he improperly supplied the Federal Aviation Administration with a copy of his report. Defendant's bipolar diagnosis was roundly rejected at both the second and third stages of the evaluation process, resulting in the restoration of her medical certification in the fall of 2017. Plaintiff filed a fraud action against defendant in December 2017 in the Northern District of Illinois based on a virtually identical recitation of facts as is presented here. The only new allegations in the current complaint involve statements by third-parties, such as the Mayo Clinic and the Illinois Department of Financial and Professional Regulation, the third-level review conducted by Dr. Andrew Huff, and plaintiff's AIR 21 complaint. The Northern District of Illinois action was voluntarily dismissed in February 2018.

Plaintiff argues that the current action, which was filed on October 5, 2021, was timely filed because she "received facts from the Altman discovery on October 30, 2018," and there was previously a "dearth of evidence" to support a fraud claim. Dkt. # 14 at 12. Plaintiff does not, however, explain how any of the documents or information described in paragraphs 30-42 of the current complaint change the facts that were known at the end of 2017 or otherwise constitute the first discovery of the fact of fraud or the existence of damage. That she may have

obtained evidence of additional communications between defendant and Delta or learned the precise amount defendant was paid for his evaluation in no way alters the facts that she knew when she filed her December 2017 lawsuit, in which she alleged that defendant "knowingly and with malicious intent, and for profit, accepted payment with the intent to create a fraudulent mental health diagnosis" (Dkt. # 12-1 at ¶ 14). She alleged then, as she does now, that defendant had been hired by Delta to conduct a mental health examination, that she had been subjected to unusual testing protocols, that Delta gave defendant false documentation to support a disqualifying diagnosis, that defendant maliciously misstated plaintiff's communications and ignored other relevant evidence to support such a diagnosis, that defendant delayed the subsequent review process, that he improperly disclosed his evaluation to the FAA, and that plaintiff had been injured thereby. Because plaintiff discovered evidentiary facts leading to a belief that defendant had engaged in actionable fraud – or at the very least was on notice of fraud that would lead a diligent party to inquire further – by December 2017 at the latest, her claim is untimely and must be dismissed.

//

//

For all of the foregoing reasons, defendant's motion to dismiss on statute of limitations ground is GRANTED. The Court declines to consider the other arguments raised in the motion. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 31st day of January, 2023.

Robert S. Lasnik
United States District Judge