UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARLENE PETITT, | Cause No. C21-1366RSL |
| Plaintiff, | |
| v. | ORDER |
| DAVID B. ALTMAN, | |
| Defendant. | |

On January 31, 2023, the Court found that plaintiff's claims were barred by the applicable statute of limitation and dismissed the above-captioned matter. Judgment was entered that same day. Plaintiff filed a timely "Motion for Modification of and Relief from Judgment Pursuant to Rule 59(e), Rule 60(b)(1), and Rule 60(b)(2)." Dkt. # 31.[1]

Relief from a judgment or order under Federal Rule of Civil Procedure Rule 59(e) may be granted when the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Stoner v. Does, 1 - 10*, 830 F. App'x 547 (9th Cir. 2020) (*quoting Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Vacating a prior

---

[1] Plaintiff specifically disavows any intent to file a motion for reconsideration under Local Civil Rule 7(h).

ORDER - 1

judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Plaintiff does not offer newly discovered evidence that can be considered by the Court or that is otherwise relevant to the dispositive statute of limitations issue. The details regarding what plaintiff learned in October 2018 were known to her since that time and cannot plausibly be characterized as "newly discovered." With regards to plaintiff's recitation of what a third-party, Dr. Bruce Chien, told her in March 2022 and Dr. Chien's recitation of facts he learned after the fact (and about which he admits he has no personal knowledge), the declarations are inadmissible under Fed. R. Ev. 602 and 802. Just as importantly, they do not offer any fresh insight into when plaintiff knew or should have known that Dr. Altman acted with fraudulent or deceitful intent. Nor does plaintiff argue that there has been an intervening change in controlling law or that the adverse judgment was manifestly unjust. Instead, plaintiff argues that the Court improperly applied the motion to dismiss standard and improperly considered documents outside the pleadings. The allegations of the complaint and judicial records related to plaintiff's earlier lawsuit asserting the same fraud claim at issue here were properly considered under the appropriate standard. The Court did not err in concluding that the record demonstrates as a matter of law that plaintiff knew or should have known of her fraud claim more than three years before the complaint was filed. Accordingly, relief under Rule 59(e) is not warranted.

The Court therefore turns to plaintiff's request for relief under Federal Rule of Civil Procedure 60(b)(1), which allows the Court to relieve a party from an Order based on "mistake,

ORDER - 2

inadvertence, surprise, or excusable neglect." Such mistakes include the Court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). In order to obtain relief under Rule 60(b)(1), the movant "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Plaintiff has not done so.

      Finally, Rule 60(b)(2) identifies "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" as grounds for relief from a judgment or order. The evidence regarding what plaintiff learned in October 2018 is not "newly discovered," and the declarations submitted are inadmissible and irrelevant to the limitations issue.

      For all of the foregoing reasons, plaintiff's motion for relief from judgment or order is DENIED.

      Dated this 5th day of May, 2023.

                                                  Robert S. Lasnik
                                                  United States District Judge

ORDER - 3